IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CONNIE ANNE DAY,** | : | No. 3:17cv2288 |
| **Plaintiff** | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| **WILMINGTON SAVINGS FUND** | : | |
| **SOCIETY FSB, CARRINGTON** | : | |
| **MORTGAGE SERVICES, LLC, and** | : | |
| **CARRINGTON HOME SOLUTIONS,** | : | |
| **L.P.,** | : | |
| **Defendants** | : | |

## **MEMORANDUM**

Presently before the court is Defendant Carrington Home Solutions, L.P.'s ("CHS") motion *in limine*, which seeks to preclude plaintiff's claim for punitive damages. (Doc. 47). During a state foreclosure action on the plaintiff's property, CHS was hired by Defendant Carrington Mortgage Services, LLC "to perform inspection and property preservation services at the Subject Property." (Doc. 48 at 3). An independent contractor of CHS conducted an inspection of the plaintiff's property, determined it was vacant, placed a first-time vacancy sticker on the property, changed the locks, and winterized the plumbing. (Doc. 48 at 4). As a result, plaintiff filed the present action. Now, CHS argues that as a matter of law, punitive damages are not appropriate.

To state a claim for punitive damages, the plaintiff must plead facts that the defendant either acted with an evil motive or with reckless indifference to the rights of others. "The state of mind of the actor is vital. The act, or the failure to act, must be intentional, reckless or malicious." Feld v. Merriam, 485 A.2d 742, 748 (Pa. 1984). In evaluating a request for punitive damages, "one must look to 'the act itself together with all the circumstances including the motive of the wrongdoers and the relations between the parties.'" Id. (quoting Chambers v. Montgomery, 192 A.2d 355, 358 (Pa. 1963)). The purpose of punitive damages is to punish wrongdoers for the outrageous conduct done in reckless disregard for another person's rights. Shecter v. Watkins, 577 A.2d 585 (Pa. Super. Ct. 1990).

The present motion must be denied because it improperly asks the court to weigh the sufficiency of the evidence and resolve a question for the jury. The purpose of motions *in limine* is to address evidentiary questions; they are "inappropriate devices for resolving substantive issues, such as the sufficiency of the evidence to support a claim or defense." Bowers v. Nat'l Coll. Athletic Ass'n, 563 F. Supp. 2d 508, 532 (D.N.J. 2008). The defendant may certainly renew its arguments at trial, but whether such arguments are to be believed is a question for the jury. See, e.g., Pichler v. UNITE, 542 F.3d 380, 391 (3d Cir. 2008) (stating "where there is a genuine issue of material fact regarding the willfulness

2

or recklessness of a defendant's conduct, we hold that the Seventh Amendment requires a trial by jury on the issue of punitive damages"). Should the plaintiff fail to present evidence at trial to justify punitive damages, the defendant may move to preclude that issue from being sent to the jury because "[w]hether there is sufficient evidence to support a punitive damages award is a question of law." Alexander v. Riga, 208 F.3d 419, 430 (3d Cir. 2000). However, at this time, the court cannot find facts or resolve contradictory evidence to determine whether the plaintiff should be precluded from seeking punitive damages. See Pichler, 542 F.3d at 391 n. 10.

For the foregoing reasons, the defendant's motion *in limine* (Doc. 47) will be denied. An appropriate order shall issue.

BY THE COURT:

Date: January 9, 2020

s/ James M. Munley
**JUDGE JAMES M. MUNLEY**
**United States District Court**